UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

**WINNIFRED BONJEAN-ALPART,**

       Plaintiff,

-against-                                           **COMPLAINT AND**
                                                        **JURY TRIAL DEMAND**

**CITY OF NEW YORK; NYPD OFFICER
PENNACCHIA; AND NYPD SERGEANT JOEL
EDWARDS; AND UNKNOWN NYPD OFFICERS.**


-----------------------------------------------------------X

       **NOW COMES** Plaintiff, **WINNIFRED BONJEAN-ALPART**, by and through her attorney **BONJEAN LAW GROUP, PLLC,** and for cause of action against the defendants, both jointly and severally, respectfully states as follows:

## INTRODUCTION

       1.      On August 9, 2014, Plaintiff – then a minor – was assaulted and arrested by Defendants NYPD officers for lawfully asserting her constitutional rights.

       2.      The Defendant officers responded to a second-floor apartment on 113th street in New York City where Plaintiff and some of her friends had been socializing. Defendants EDWARDS and PENNACCHIA demanded entry into the home. Plaintiff announced that the Defendant officers had no right to force their way into the apartment.

       3.      Defendants ordered Plaintiff to 'shut up,' and Plaintiff responded by informing the Defendants that she knew her rights and that absent a warrant or exigent circumstances, they simply could not demand entry into the apartment.

       4.      In response to this lawful assertion of her rights, Defendant PENNACCHIA physically grabbed Plaintiff – only 95 lbs. – slammed her against the wall and handcuffed her

arms tightly behind her back, causing significant bruising to her hip and wrists.

5. Plaintiff had consumed no alcohol that evening and was not breaking any laws at the time of her arrest. No one else was arrested.

6. Plaintiff was detained for approximately 18 hours and forced to defend against false charges – all of which were ultimately dismissed.

## PARTIES

7. Plaintiff is an adult resident of Brooklyn, New York.

8. Defendant CITY OF NEW YORK, NEW YORK ("CITY"), is a municipality chartered by the State of New York and as such is a political subdivision of the State of New York and among its other functions operates and maintains a law enforcement agency known as the New York City Police Department ("NYPD"). The City of New York is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the City of New York and to preserve to its citizens the rights, privileges and immunities granted and secured to them by the constitutions and the laws of the United States and the State of New York.

9. Defendants PENNACCHIA and EDWARDS, are and were at all times relevant herein, officers, employees and agents of the New York City Police Department, a municipal agency of the CITY OF NEW YORK. Defendants PENNACCHIA and EDWARDS are being sued individually and in their official capacities. At all times relevant herein, Defendants PENNACCHIA and EDWARDS were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officer of the Police Department and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the court of their duties. They were acting for and on behalf of the CITY at all times relevant herein with the power and authority vested in them as officers, agents, and employees of

the Defendant CITY and incidental to the pursuit of their duties as officers, employees, and agents of the Defendant CITY.

## JURISDICTION AND VENUE

10. Each and all of the acts of defendants were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America, the State of New York, and the City of New York, and under authority of their office as police officers for the City of New York.

11. The incidents which give rise this cause of action occurred within this jurisdiction within three years of the filing of this Complaint.

12. Venue is proper in this venue pursuant to 28 U.S.C. § 1391 as all of the defendants are residents of this district and/or all of the acts or omissions which give rise to this cause of action occurred within this district.

13. Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C § 1343(a)(3)(4) and 42 U.S.C. § 1983. Plaintiff further invokes the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

14. Plaintiff avers that defendants do not have immunity for violating the civil rights of citizens.

## FACTUAL ALLEGATIONS

15. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

16. On August 9, 2014, at approximately 11:00 p.m., Plaintiff attended a house party

hosted by the boyfriend of one of her closest friends. The gathering took place at a second-floor apartment located at 267 W. 113th Street in New York. Approximately 20 to 30 teenagers from a variety of different New York City high schools attended the party.

17. Shortly after arriving, Plaintiff went back outside to wait for other friends to arrive and sat on the stoop outside the apartment building chatting with a friend. At least two other groups of young people were congregated outside the building. Plaintiff did not know the other people standing outside the building.

18. Defendant NYPD officers PENNACCHIA and EDWARDS approached the building on foot. One of the officers asked Plaintiff and her friend whether two empty bottles of alcohol that had been abandoned on the steps of the building belonged to them. Plaintiff replied that they didn't belong to them. Plaintiff had neither purchased nor consumed alcohol that evening.

19. The officers walked away from Plaintiff and her friend and began questioning the other people outside the building. Plaintiff continued to converse with her friend and was no longer paying attention to Defendants. At one point, Plaintiff heard one of the Defendants demand to see identification from another girl standing out outside. Plaintiff offered that she did not have to produce identification to the officers. The Defendants told Plaintiff to be quiet and continued to question the other young people congregating outside.

20. After a short while, Defendants entered the building, and Plaintiff re-entered the building at approximately the same time. Plaintiff walked upstairs and observed the officers approach the apartment where her friends were socializing.

21. Plaintiff's friend and boyfriend opened the door. Defendants demanded to be let into the apartment. Plaintiff, who was also standing in the doorway, advised her friends

that they were not obligated to invite the officers in and that Defendants had no right to push their way into the apartment.

22.     The Defendant officers ordered Plaintiff to be quiet. Plaintiff calmly reiterated that Defendants were abusing their authority and that they could not simply bust into an apartment without a warrant or some type of exigent circumstance.

23.     Frustrated and angry, Defendant PENNACCHIA grabbed Plaintiff who weighed no more than 95 pounds, slammed her against the wall, and tightly handcuffed her hands behind her back. Plaintiff suffered significant bruising on her body and wrists as a result of Defendant PENNACCHIA'S illegal conduct.

24.     Plaintiff asked Defendant PENNACCHIA why she was being arrested and Defendant PENNACCHIA replied that she was not under arrest but that they were going to take her to the precinct to learn her identity.

25.     Plaintiff pointed out that her liberty had been restrained and asked again, why she was being arrested. Defendant EDWARDS eventually told her that she was being arrested for disorderly conduct.

26.     No other teenagers were arrested that evening.

27.     Plaintiff was transported to the 28th Precinct by the Defendant officers. Once arriving at the Precinct, one of the Defendant officers told Plaintiff that "sometimes it pays to keep your mouth shut."

28.     Defendants confiscated Plaintiff's purse upon her arrest. While processing Plaintiff at the precinct, Defendants asked Plaintiff her birthday and she correctly told them that she was born on June 11, 1997. Defendants informed Plaintiff that they had recovered a "fake ID" (a Maryland driver's license with Plaintiff's photo but false birthdate) from her purse and

that she was being charged with possession of a fraudulent instrument. Defendants laughed and celebrated, falsely telling Plaintiff that she would have a felony conviction on her record and that she would have to declare that she was a felon for the rest of her life.

29. Plaintiff had not presented the bogus driver's license to anyone, had not used it for any purpose that evening, and had forgotten that it was in her purse.

30. Although Plaintiff evinced no intent to use the fake driver's license, Defendants nonetheless falsely charged her with criminal possession of a forged instrument. Mere possession of a fake ID without an intent to use it, is not a crime.

31. Possession of a fake driver's license *with the intent to use it* is a violation of New York Criminal Penal Law 170.20, a third-degree misdemeanor offense. However, Defendants purposefully charged Plaintiff with the more serious provision Criminal Penal Law 170.25, criminal possession of a forged instrument in the second degree, a felony offense. No factual basis existed to justify charging Plaintiff with the felony offense.

32. Although the felony charge was not approved by the New York District Attorney's office, Defendant EDWARDS and PENNACCHIA maliciously charged Plaintiff with the aggravated offense so that they could justify not releasing her on a Desk Appearance Ticket ("DAT") from the precinct, forcing her to go through central booking and extending her detention. Defendants EDWARDS and PENNACCHIA knew that the felony charge was not applicable to possession of a fake driver's license, but nonetheless charged Plaintiff with the enhanced felony offense to insure that she would experience the stressful process of going through central booking and to prolong her detention unnecessarily.

33. One female officer at the precinct verbally taunted Plaintiff, mockingly asking her "[a]re you going to cry?" and "[a]re you scared because you was going to have to go to

central booking for the weekend?" Plaintiff was composed at all times but frightened, concerned, and uneasy that her care and safety were in the hands of officers who were acting with such complete disregard for the law and behaving so erratically and unprofessionally.

34. The Defendant officers also charged Plaintiff with possession of alcohol by a minor even though Plaintiff was never in possession of alcohol and had not even consumed alcohol that evening. Defendant PENNACCHIA falsely stated in a sworn affidavit that the two empty bottles of alcohol that were abandoned on the stoop of the building where Plaintiff and her friend were chatting were discovered in Plaintiff's purse. Plaintiff was not carrying empty bottles of alcohol in her purse, and even if she was, the possession of empty bottles of alcohol does not violate any laws.

35. Defendants also charged Plaintiff with disorderly conduct for telling her friends that they did not have to produce identification or let the officers into the apartment.

36. Plaintiff spent approximately 18 hours in custody prior to being released on her own recognizance.

37. Plaintiff moved to dismiss all charges against her and the Honorable Criminal Court Judge Ann Scherzer granted Plaintiff's motion to dismiss the disorderly conduct charge, finding that the information failed to show that Plaintiff's conduct had breached the peace.

38. The remaining charges against Plaintiff were dismissed on June 9, 2015.

39. Plaintiff filed a notice of claim with the City on February 10, 2015.

## COUNT I

## FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS EDWARDS AND PENNACHIA AND UNKNOWN JOHN DOE POLICE OFFICERS

41. Plaintiff hereby incorporates, in their entirety, each and every paragraph

contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

42. Defendants committed the above described actions and/or omissions under the color of law and by virtue of their authority as law enforcement officers for the City of New York and substantially deprived plaintiff of her clearly established rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. § 1983, and deprived plaintiff of the rights guaranteed to him under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, including but not limited to:

    a. freedom from unlawful search and seizure;

    b. freedom from unlawful arrest and seizure of his/her person;

    c. freedom from unreasonable, unjustified, and excessive force;

    d. freedom from abuse of process;

    d. freedom from deprivation of liberty and property without due process of law;

    e. freedom from retaliation for Plaintiff's exercise of her rights to free speech and assembly;

43. Defendant officers failed intercede on behalf of Plaintiff and failed to protect the minor Plaintiff from the unjustified and unconstitutional treatment she received at the hands of other defendants.

44. As a direct and proximate result of the acts and omissions of Defendants, Plaintiffs' constitutional rights were violated and Plaintiffs were injured and sustained substantial injuries.

45. The actions and/or omissions of defendants, complained herein were unlawful, conscience shocking, unconstitutional, and performed maliciously, recklessly, fraudulently,

intentionally, willfully, wantonly in bad faith, and in such a manner to entitle Plaintiffs to a substantial award of punitive damages against defendants.

## COUNT II

## FAILURE TO SUPERVISE CLAIMS AGAINST DEFENDANT SERGEANT EDWARDS

46. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

47. By his conduct in failing to remedy the wrongs committed by his subordinate Defendant PENNACCHIA and in failing to properly train, supervise, or discipline, his subordinates, Defendant Sergeant EDWARDS caused damage, injury in violation of Plaintiff' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

48. As a result of the foregoing, Plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## COUNT III

## FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST THE CITY OF NEW YORK

49. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

50. At all times material to this complaint, Defendant CITY OF NEW YORK, acting through its police department, and through the individual defendants had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional

conduct alleged herein.

51. At all times material to this complaint, Defendant CITY OF NEW YORK, acting through its police department, and through the individual defendants, had *de facto* policies, practices, customs, and usages failing to properly train, screen, supervise, or discipline said defendants. These policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

52. At all times material to this complaint, Defendant CITY OF NEW YORK, acting through its police department, and through the individual defendants had *de facto* policies, practices, customs, and usages of encouraging and or tacitly sanctioning the violation of and/or retaliation for the individuals' exercise of free speech in a manner that affronts police officers or is interpreted by police officers as challenging their authority. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

53. At all times material to this complaint, Defendant CITY OF NEW YORK, acting through its police department, and through the individual defendants had *de facto* policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

54. As a result of the foregoing, Plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional injury, and was otherwise damaged and injured.

## COUNT IV

## RESPONDEAT SUPERIOR LIABIILTY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

55. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

56. The conduct of the individual defendants alleged herein, occurred while they were in duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant the CITY OF NEW YORK, and, as a result, the Defendant the CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

57. As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## COUNT V

## PENDENT CLAIM OF NEGLIGENT HIRING, TRAINING, AND SUPERVISION AGAINST DEFENDANT CITY

58. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

59. At all times herein, Defendant CITY has been grossly negligent and negligent in the hiring supervision, training, and monitoring of its representatives who consult with and counsel police officers who are suspected of crimes and misconduct, or police officers who are suspected of crimes and misconduct, or police officers who are witnesses to crimes and misconduct by their fellow officers.

60. At all times relevant herein, Defendant CITY has been grossly negligent and

negligent in hiring, supervision, training, and monitoring of defendants PENNACCHIA and EDWARDS.

61. As a direct and proximate result of the Defendant's wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff suffered injuries and damages including, but not limited to, conscious pain and suffering, physical pain and suffering, emotional pain and suffering, anxiety, and embarrassment.

## COUNT VI

## STATE LAW TORTS AGAINST DEFENDANTS PENNACHIA AND EDWARDS

62. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

63. The acts, omissions, and conduct of defendants PENNACCHIA and EDWARDS constitute assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, intentional infliction of emotional distress, and negligence infliction of emotional distress.

64. As a direct and proximate result of the aforementioned acts and omissions of defendants PENNACHIA and EDWARDS, Plaintiff has been injured and damaged.

## DAMAGES

65. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

66. As a direct and proximate result of the aforementioned actions and omissions of the defendants, the Plaintiff was injured and damaged. The damages for which the Plaintiff seeks

compensation from the defendants, both jointly and severally, include, not are not limited to, the following:

    a.    compensatory damages;

    b.    punitive damages;

    c.    The convening and empaneling of a jury to consider the merits of the claims herein;

    d.    Costs and interest and attorney's fees;

    e.    declaratory judgment and injunctive relief holding that the policies, practices or customs of the City of New York, NYPD and defendants PENNACHIA and EDWARDS complained of herein are illegal and unconstitutional;

    f.    all such relief, both general and specific, to which Plaintiff may be entitled to under the premises.

## PRAYERS FOR RELIEF

67.    Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

68.    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues the defendants both jointly and severally, for his personal injuries and prays for a judgment against the defendants for compensatory damages solely in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

69.    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff sues defendants PENNACHIA and EDWARDS for punitive damages in an amount solely to be determined by a

jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

70. **A JURY IS RESPECTFULLY DEMANDED TO TRY THE ISSUES ONCE JOINED.**

    Respectfully submitted,

    **Bonjean Law Group, PLLC**
    1000 Dean St., Ste. 422
    Brooklyn, NY 11238
    (718) 875-1850 (tel)
    (718) 230-0582 (fax)

    S/JENNIFER BONJEAN
    Jennifer Bonjean